UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| LARRY A. DERRY | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 2:12-CV-303 |
| v. | ) |
| | ) Judge Curtis L. Collier |
| BUFFALO & ASSOCIATES, PLC, and | ) |
| CAPITAL ONE BANK (USA), NATIONAL | ) |
| ASSOCIATION | ) |
| | ) |
| Defendants. | ) |

## **M E M O R A N D U M**

Before the Court is Defendant Capital One Bank (USA) National Association's ("Defendant") motion for summary judgment (Court File No. 27). Defendant seeks summary judgment on Plaintiff Larry Derry's ("Plaintiff") claims under the Truth In Lending Act ("TILA"), 15 U.S.C. §§ 1601, *et seq.* Plaintiff responded in opposition to Defendant's motion (Court File No. 35). For the following reasons, the Court will **GRANT** Defendant's motion (Court File No. 27).

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff opened a credit card account with Defendant on or about December 1, 2008 (Court File No. 27-1, Mei Aff., ¶ 3). On or about January 18, 2011, Plaintiff's credit card account was charged off because no payments were received from Plaintiff for a period of six months (*id.* at ¶ 5). After his account was charged off, Defendant continued sending Plaintiff quarterly billing statements. The final such statement was for the quarterly billing period spanning April 17, 2011 to July 16, 2011. The next quarterly period would have spanned the time period between July 17, 2011 and October 16, 2011 (*id.* at ¶ 6; Ex. B). However, because Defendant and Defendant Buffaloe & Associates, PLC filed a collection suit against Plaintiff on September 28, 2011, no statement was

sent for this period (*id.* at ¶¶ 8, 9). Although Defendant's records establish the complaint filing date as September 22, 2011, rather than September 28, the records accurately reflect the fact a suit was filed prior to the end of the quarterly billing period. The decision not to send a quarterly billing statement due to the filing of a complaint was made pursuant to Defendant's standard policies, practices, and procedures (*id.* at ¶ 9).

As a part of the September 28, 2011 lawsuit, Defendant filed a civil summons and affidavit in state court, which were served on Plaintiff. The summons stated the debt amount was $1,420.63 in principal, court costs of $132.50, and alleged interest accruing as of July 16, 2011 at a rate of 3.9%. Plaintiff filed the instant action on July 18, 2012 against Defendant and co-defendant Buffaloe & Associates (Court File No. 1). Plaintiff alleges Defendant violated the TILA because it failed to send a quarterly billing statement as required by 15 U.S.C. § 1637(b) for the period between July and September 2011. Defendant initially filed a motion to dismiss, arguing it had in fact sent such a statement. However, apparently after realizing it had not sent a statement covering this time period, Defendant moved to strike its motion to dismiss (Court File No. 18), which the Court granted (Court File No. 19). Defendant subsequently filed the instant motion, arguing it was not required to submit a billing statement because collection proceedings had been instituted before the end of the billing period.

## II. STANDARD OF REVIEW

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of demonstrating no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Leary v. Daeschner*, 349 F.3d 888, 897 (6th Cir.

2003). The Court views the evidence, including all reasonable inferences, in the light most favorable to the non-movant. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). However, the non-movant is not entitled to a trial based merely on its allegations; it must submit significant probative evidence to support its claims. *See Celotex*, 477 U.S. at 324; *McLean v. Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). Should the non-movant fail to provide evidence to support an essential element of its case, the movant can meet its burden of demonstrating no genuine issue of material fact exists by pointing out such failure to the court. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989).

At summary judgment, the Court's role is limited to determining whether the case contains sufficient evidence from which a jury could reasonably find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). If the Court concludes a fair-minded jury could not return a verdict in favor of the non-movant based on the record, the Court should enter summary judgment. *Id.* at 251-52; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

**III. DISCUSSION**

Congress passed the TILA to "assure a meaningful disclosure of credit terms" in order to "avoid the uninformed use of credit" and to "protect the consumer against inaccurate and unfair credit billing and credit practices." 15 U.S.C. § 1601(a). Congress further empowered the Board of Governors of the Federal Reserve System ("Board") to issue regulations to achieve TILA's purposes, § 1604(a), and acting under this authority, the Board issued Regulation Z, *Chase Bank USA v. McCoy*, 131 S.Ct. 871, 874 (2011).

The TILA requires a "creditor of any account under an open end consumer credit plan [to]

3

transmit to the obligor, for each billing cycle at the end of which there is an outstanding balance in that account or with respect to which a finance charge is imposed, a statement setting forth" certain required information. 15 U.S.C. § 1637(b). Regulation Z contains further detail regarding these periodic statements. 12 C.F.R. §§ 226.5, 226.7. It defines "billing cycle" as "the interval between the days or dates of regular periodic statements," and requires "[t]hese intervals be equal and no longer than a quarter of a year." *Id.* at § 226.2(a)(4). Consistent with 15 U.S.C. § 1637(b), Regulation Z requires creditors to " mail or deliver a periodic statement as required by [12 C.F.R.] § 226.7 for each billing cycle at the end of which an account has a debit or credit balance of more than $1 or on which a finance charge has been imposed." *Id.* at § 226.5(b)(2)(i). Regulation Z, however, also carves out a number of exceptions to this requirement, providing a creditor need not send a periodic statement "if the creditor deems [an account] uncollectible, if delinquency collection proceedings have been instituted, if the creditor has charged off the account in accordance with loan-loss provisions and will not charge any additional fees or interest on the account, or if furnishing the statement would violate federal law." *Id.* The Official Staff Interpretation provides further context to what constitutes a "delinquency collection proceeding": "Creditors institute a delinquency collection proceeding by filing a court action or initiating an adjudicatory process with a third party. Assigning a debt to a debt collector or other third party would not constitute instituting a collection proceeding." 12 C.F.R. Pt. 226, Supp. I, 226.5(b)(2)(i)-(3).

Defendant's motion presents one question: whether a creditor must send an obligor a periodic statement containing the information mandated by 15 U.S.C. § 1637(b) if the creditor institutes collection proceedings prior to the close of the billing cycle. Defendant argues Regulation Z, § 226.5(b)(2)(i), provides a creditor need not send such a statement after collection proceedings have

4

been instituted. Plaintiff appears to argue this section is inapplicable because the proceedings were instituted in the middle of the billing cycle and Defendant was otherwise attempting to collect the debt during the billing cycle prior to instituting collection proceedings.

The Court agrees with Defendant. Plaintiff points to no provision of the TILA or Regulation Z requiring a Defendant to send partial periodic statements during the billing cycle in which one of the § 226.5(b)(1)(i) events occurs. Indeed, the focus of both the statute and Regulation Z is the status of the account at the *end* of the billing cycle. *See* 15 U.S.C. § 1637(b) (requiring periodic billing statements be sent "for each billing cycle *at the end of which* there is an outstanding balance in that account or with respect to which a finance charge is imposed") (emphasis added); 12 C.F.R. § 226.5(b)(2)(i) (requiring a periodic statement "for each billing cycle *at the end of which* an account has a debit or credit balance of more than $1 or on which a finance charge has been imposed") (emphasis added).

Regulation Z states "a periodic statement need not be sent for an account . . . if delinquency collection proceedings have been instituted." 12 C.F.R. § 226.5(b)(2)(i). The Court concludes the most natural reading of this provision relieves Defendant of the obligation to send a periodic statement during the billing cycle in which it institutes a delinquency collection proceeding, or otherwise satisfies one of the exceptions listed in § 226.5(b)(2)(i). *See Saunders v. Ameritrust of Cincinnati*, 587 F. Supp. 896, 898 (S.D. Ohio 1984) (agreeing with the defendant's assertion Regulation Z "relieved it absolutely of the duty to provide periodic statements once it instituted collection proceedings," but concluding reporting the account as delinquent after it was paid in full created a new account giving rise to a renewed duty to provide periodic statements); *see also Hess v. Citibank, (South Dakota), N.A.*, 459 F.3d 837, 841 (8th Cir. 2006) (holding, because periodic

5

statements need only be sent to natural persons, creditor had no obligation to send periodic statement to obligor's estate for the billing cycle in which he died); *King v. AllianceOne Receivables Mgmt., Inc.*, No. 2:12–CV–314, 2013 WL 1748283, at *2 (E.D. Tenn. Apr. 23, 2013) ("TILA did not require Capital One to send monthly statement to plaintiff between August 2011 and July 2012 because the account had already been charged off and no additional fees or interest were being added to the balance of the debt."); *Terech v. First Resolution Mgmt. Corp.*, 854 F. Supp. 2d 537, 542 (N.D. Ill. 2012) ("TILA's Regulation Z require[s] credit card creditors to send periodic statements to account holders for any billing cycle in which the account had a balance of more than one dollar or in which the creditor added a finance charge (such as interest). . . . [A] creditor d[oes] not have to send statements if: (1) if sending one would have violated federal law; (2) delinquency collection proceedings had been instituted; or (3) it had deemed the account uncollectible.") (internal citations omitted). .

Plaintiff also seems to argue he was entitled to have the § 1637(b) information disclosed to him even if he was not entitled to a periodic statement. However, the information to which Plaintiff alleges he was entitled is only required to be sent as part of a periodic statement; Plaintiff has identified no provision of law requiring the information be sent independently. *See* 15 U.S.C. § 1637(b) ("The creditor of any account under an open end consumer credit plan shall transmit to the obligor . . . a statement setting forth each of the following items to the extent applicable[.]"). In this case, it is undisputed delinquency proceedings were instituted in the billing cycle for which Plaintiff claims Defendant failed to send a periodic statement. Because Defendant was not required to send

6

Case 2:12-cv-00303-CLC-WBC   Document 41   Filed 07/25/13   Page 6 of 7   PageID #: 229

such a statement under § 226.5(b)(2)(i), Defendant is entitled to summary judgment.[1]

## IV. CONCLUSION

For the foregoing reasons, the Court will **GRANT** Defendant's motion for summary judgment (Court File No. 27).

**An Order shall enter.**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**

---

[1] Plaintiff notes no discovery has been completed by the parties and argues Defendant "has chosen to file this Motion prior to discovery to prevent Plaintiff from being able to inquire as to its procedures regarding preparation and mailing or delivering periodic statements for Plaintiff's account." Specifically, Plaintiff questions some of the information submitted with Mei's affidavit, including the codes used and date listed for the filing of a collection proceeding. However, Plaintiff has not identified how this information could establish a violation of the TILA. It is undisputed Defendant filed a collection action during the billing cycle at issue. No further evidence regarding Defendant's practices and procedures could alter that fact.