UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| LARRY A. DERRY | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 2:12-CV-303 |
| v. | ) |
| | ) Judge Curtis L. Collier |
| BUFFALOE & ASSOCIATES, PLC | ) |
| | ) |
| Defendant. | ) |

## **M E M O R A N D U M**

Before the Court is Plaintiff Larry Derry's ("Plaintiff") partial motion for summary judgment (Court File No. 56). Plaintiff seeks summary judgment on his claim Defendant Buffaloe & Associates, PLC ("Buffaloe") violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* However, in response to Plaintiff's motion, Buffaloe moved to dismiss this action for lack of subject matter jurisdiction.[1] Buffaloe submitted an offer of judgment to Plaintiff to which Plaintiff did not respond. Buffaloe argues this offer of judgment moots Plaintiff's case because it satisfied Plaintiff's demand.

For the following reasons, the Court agrees with Buffaloe in part. Although this case must be dismissed for lack of subject matter jurisdiction, the Sixth Circuit has indicated that, rather than dismiss the case outright, courts should enter judgment against a defendant in accordance with its offer of judgment.

Accordingly, the Court will **DENY** Plaintiff's motion for partial summary judgment (Court File No. 56) and will **GRANT IN PART** Buffaloe's motion. The Court will **ENTER** judgment

---

[1] Buffaloe states as much in its response brief to Plaintiff's motion. The Court construes this as a motion to dismiss.

against Buffaloe in accordance with its offer of judgment. The Court will **REFER** this matter to the magistrate judge for a determination of costs and reasonable attorney's fees incurred as of the date of the offer of judgment.

I.     FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff incurred credit card debt owned or serviced by Capital One Bank. After Plaintiff defaulted on this debt, on July 18, 2011, Buffaloe sent a collection letter to Plaintiff in an attempt to collect the debt. The letter alleged a debt of $1,394.01 and stated Plaintiff may also be liable for attorney's fees and interest. On September 28, 2011, Buffaloe filed a civil summons and affidavit in state court, which were served on Plaintiff. The summons stated the debt amount was $1,420.63 in principal, court costs of $132.50, and alleged interest accruing as of July 16, 2011 at a rate of 3.9%. Plaintiff filed the instant action on July 18, 2012.

This is the fourth round of dispositive motion briefing in this case. The Court previously granted Buffaloe's partial motion to dismiss (Court File Nos. 25, 26). The Court later granted Buffaloe's partial motion for judgment on the pleadings (Court File Nos. 39, 40). Additionally, the Court granted Defendant Capital One's motion for summary judgment (Court File Nos. 41, 42). Remaining is Plaintiff's claim Buffaloe violated the FDCPA when it failed to fully disclose Plaintiff's debt amount in a letter dated July 18, 2011.

II.     DISCUSSION

Prior to Plaintiff filing this motion, Buffaloe submitted an offer of judgment pursuant to Fed. R. Civ. P. 68 in the amount of $1,001 plus costs and reasonable attorney's fees (Court File No. 58-1). Plaintiff never responded to this offer of judgment. In response to Plaintiff's motion, Buffaloe argues this action should be dismissed for lack of subject matter jurisdiction, as the offer of

2

Case 2:12-cv-00303-CLC-WBC   Document 78   Filed 02/05/14   Page 2 of 8   PageID #: 464

judgment moots the case.

Rule 68 of the Federal Rules of Civil Procedure provides "[a]t least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued." Many courts, including the Sixth Circuit, conclude that "an offer of judgment that satisfies a plaintiff's entire demand moots the case." *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 574-75 (6th Cir. 2009). Because Article III's case and controversy requirement is one that must be satisfied throughout the case, a Rule 68 offer of judgment that moots a case also divests a court of subject matter jurisdiction over the action. *Hrivnak v. NCO Portfolio Mgmt., Inc.*, 719 F.3d 564, 566-67 (6th Cir. 2013).

At issue in this case is whether the offer of judgment actually met Plaintiff's full demand. Buffaloe offered Plaintiff "to take Judgment [] in the amount of $1,001.00, plus reasonable attorneys' fees and costs incurred as against Buffaloe only, to the date of this Offer of Judgment" (Court File No. 58-1). Plaintiff does not dispute that this offer includes all he could hope to recover on her actual claim.[2] Plaintiff merely argues the offer of judgment improperly caps attorney's fees at the date of the offer of judgment, which precludes recovery of some fees accrued in the preparation of a fee petition, in explanation of the offer of judgment to Plaintiff, and in "collecting and distributing the collection check."

Both parties cite cases supporting their view. For instance, Buffaloe points to *Ambalu v.*

---

[2] Plaintiff's response to Buffaloe merely relies upon his argument that he is entitled to post-judgment attorney's fees and does not respond to Buffaloe's contention that Plaintiff does not seek actual damages. Plaintiff's failure to respond to Buffaloe's argument forfeits this claim. *See Notredan, LLC v. Old Republic Exchange Facilitator Co.*, 531 F. App'x 567, 569 (6th Cir. 2013) ("Notredan's response to the motion to dismiss did not address th[e] argument [Notredan's complaint failed to state a claim for breach of fiduciary duties]. This failure amounts to a forfeiture of the fiduciary-duty claim.").

*Rosenblatt*, 194 F.R.D. 451, 452 (E.D.N.Y 2000), in which the defendant offered "one thousand dollars ($1,000), the costs of the action, and a reasonable attorney's fee incurred up through the date of the offer as determined by the court." The court concluded the offer of judgment mooted the case and it entered judgment against the defendant in accordance with the offer of judgment, retaining jurisdiction to determine a reasonable amount of attorney's fees and the costs of the suit. In *O'Brien*, the Sixth Circuit approved of this procedure. 575 F.3d at 575 ("[W]e believe the better approach is to enter judgment in favor of the plaintiffs in accordance with the defendants' Rule 68 offer of judgment, as the district court did in this case, following the lead of district courts in the Second Circuit.") (citing *Ambalu*, 194 F.R.D. at 453).

Additionally, Buffaloe cites a case explicitly rejecting Plaintiff's argument here. In *Thomas v. Am. Serv. Fin. Corp.*, – F. Supp. 2d –, No. 12–CV–4235 (ADS)(AKT), 2013 WL 1898954, at *7 (E.D.N.Y. May 7, 2013), the court confronted the plaintiff's argument that the offer of judgment included only "costs of the action, together with reasonable attorney's fees incurred by [the] Plaintiff *to date* as determined by the court" which "did not take into account the costs the Plaintiff would incur in filing an application for attorney's fees with the Court." Relying on *Ambalu* and other cases, the court concluded the offer of judgment was sufficient to moot the case.

Plaintiff, however, cites to a handful of cases concluding that post-judgment attorney's fees are enough to preclude an offer of judgment from mooting a case. *See, e.g.*, *Andrews v. Prof'l Bureau of Collections of Md., Inc.*, 270 F.R.D. 205 (M.D. Pa. 2010); *Hernandez v. Asset Acceptance, LLC*, 279 F.R.D. 594 (D. Colo. 2012); *Scott v. Fed. Bond & Collection Serv., Inc.*, No. 10–CV–02825–LHK., 2011 WL 176846 (N.D. Cal. Jan. 19, 2011). According to these case, limiting attorney's fees to the date of the judgment did not satisfy the entire demand because the

4

plaintiff would be entitled to attorney's fees accruing after entry of judgment. *See Andrews*, 270 F.R.D. at 207-08 ("[T]he instant offer of judgment, by imposing an end date upon which reasonable attorney's fees can be collected, does not render the claim moot and the motion for summary judgment will be denied."); *Hernandez*, 279 F.R.D. at 597 ("Because attorney's fees are a part of plaintiff's recovery—and not for sole benefit of plaintiff's counsel—a complete offer must include all 'reasonable' attorney's fees.") (citing 15 U.S.C. § 1692k(a)(3)); *Scott*, 2011 WL 176846, at *4 ("While nothing prevents Plaintiff from bargaining away her rights to post-offer attorney's fees, her refusal to do so does not render this action moot.").

The Court, however, finds support in *O'Brien*. *O'Brien* was a consolidated appeal including an appeal from *Dellarussiani v. Ed Donnelly Enters., Inc.*, No. 2:07-CV-00253, 2007 WL 3025340 (S.D. Ohio Oct. 15, 2007). In *Dellarussiani*, the offer of judgment included an amount in excess of what the plaintiff could hope to obtain as well as "costs accrued to date and reasonable attorney's fees." *Id.* at *6. The plaintiffs argued the offer of judgment precluded them from obtaining all attorney's fees and costs. Relying on *Ambalu*, the district court concluded the offer of judgment mooted the case. The Court finds the following discussion compelling:

> Plaintiffs cannot deny an offer which fully satisfies their claims and then maintain that they still have a personal stake in the outcome of the lawsuit. Such an assertion strains credibility and needlessly prolongs litigation that was designed to effect the very result that Plaintiffs denied when they rejected the offer of judgment. As a policy matter, allowing Plaintiffs' claim to go forward in spite of the fact that they have been offered all the relief they sought in their complaint only encourages needless litigation to amass attorney's fees. The Supreme Court has made clear that "an interest in attorney's fees . . . is insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 107 (1998) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 480 (1990)).

*Id.* at *7. The court then only granted attorney's fees "incurred through, but not after" the offer of

5

judgment.[3] 2007 WL 3025340, at *14.

On appeal, the Sixth Circuit agreed with the district court. The court noted "a Rule 68 offer can be used to show that the court lacks subject-matter jurisdiction." *O'Brien*, 575 F.3d at 574. As such, "an offer of judgment that satisfies a plaintiff's entire demand moots the case." *Id.* On appeal, the "plaintiffs argue[d] that the defendants' offer of judgment did not include attorneys' fees and costs." *Id.* at 575. However, the court agreed with the district court that "offers of judgment with language similar to defendants' offer have been deemed by other district courts sufficient to moot the claims at issue."[4] *Id.* (citing *Ambalu*, 194 F.R.D. at 452; *Greisz v. Household Bank (Ill.), N.A.*, 176 F.3d 1012, 1014 (7th Cir.1999) (offering judgment of "$1,200 plus reasonable costs and attorneys' fees" was "more than [the plaintiff's] claim was worth to her in a pecuniary sense")). Relying on these cases, the Sixth Circuit affirmed.

The Court concludes a similar outcome is called for here.[5] To the extent Plaintiff claims

---

[3] Plaintiff's attempt to distinguish *Dellarussiani* on this point thus fails. Although Plaintiff claims the language in the offer of judgment does not limit the time period a reasonable attorney's fee may be awarded, the court explicitly limited such attorney's fees through the date of the offer of judgment. *Dellarussiani*, 2007 WL 3025340, at *14 ("Judgment is entered in favor of Plaintiffs in accordance with Defendants' May 24, 2007 Rule 68 Offer of Judgment. Plaintiffs are entitled to costs and reasonable attorneys' fees incurred through, but not after May 24, 2007.").

[4] The Court therefore disagrees with Plaintiff that the *O'Brien* court only cited *Ambalu* for its rejection of the Seventh Circuit's view that a Plaintiff who declines an offer of judgment encapsulating its entire demand should lose outright. The Sixth Circuit stated that the district court relied upon *Ambalu* based on the similar language in the offer of judgment and held that the district court did not err. Moreover, Plaintiff attempts to distinguish *Ambalu* because the court did not explicitly state it would cap attorney's fees and costs as of the date of the offer of judgment. But the *Ambalu* court entered judgment in accordance with the offer of judgment which was limited to "a reasonable attorney's fee incurred up through the date of the offer as determined by the court."

[5] As Plaintiff notes, Justice Kagan's dissent to the Supreme Court's recent ruling in *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523 (2013) has cast some doubt on whether an offer of judgment can moot a case in any circumstance. Some courts discussing this issue post-*Genesis* have agreed with Justice Kagan's conclusion that "an unaccepted offer of judgment cannot moot a case."

further attorney's fees would be accrued after entry of judgment "an interest in attorney's fees . . . is insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim." *Steel*, 523 U.S. at 107. Moreover, in light of *O'Brien*'s approval of *Dellarussiani*, and its citation of *Ambalu* with approval, the Court concludes Buffaloe's offer of judgment mooted this action.

Although Buffaloe appears to argue Plaintiff should be precluded from recovery at all, this is not the proper remedy. The Sixth Circuit explicitly rejected "the Seventh Circuit's view that a plaintiff loses outright when he refuses an offer of judgment that would satisfy his entire demand." *O'Brien*, 575 F.3d at 575. Rather, when an offer of judgment "moots" a case, the Sixth Circuit has indicated that district courts should "enter judgment in favor of the plaintiffs in accordance with the defendants' Rule 68 offer of judgment." *Id.* Accordingly, the Court will enter judgment against Buffaloe in accordance with the offer of judgment.

## IV. CONCLUSION

For the foregoing reasons, the Court will **DENY** Plaintiff's motion for partial summary judgment (Court File No. 56) and will **GRANT IN PART** Buffaloe's motion. The Court will **ENTER** judgment against Buffaloe in accordance with its offer of judgment. The Court will **REFER** this matter to the magistrate judge for a determination of costs and reasonable attorney's fees incurred as of the date of the offer of judgment.

**An Order shall enter.**

/s/ _____

---

*Id.* at 1533 (Kagan, J., dissenting). *Diaz v. First Am. Home Buyers Protection Corp.*, 732 F.3d 948, 954-55 (9th Cir. 2013). The Sixth Circuit, however, has continued to apply the doctrine after *Genesis*. *See Hrivnak*, 719 F.3d at 566-70. The Court follows the circuit's lead.

7

**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**