UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| LARRY A. DERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No: 2:12-cv-303 |
| | ) | |
| BUFFALOE & ASSOCIATES, PLC and | ) | |
| CAPITAL ONE BANK (USA), NATIONAL | ) | COLLIER/CARTER |
| ASSOCIATION, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

Before the Court is Plaintiff Larry A. Derry's ("Plaintiff") motion for attorney's fees and costs [Doc. 81] with supporting memorandum and declarations [Doc. 82]. Plaintiff's motion was filed in connection with the Judgment Order [Doc. 79], wherein the Court referred to the undersigned the determination of the amount of costs and reasonable attorney's fees incurred by Plaintiff as of the date of Defendant Buffaloe & Associates, PLC's ("Defendant") offer of judgment. Defendant filed a response in opposition to Plaintiff's motion for attorney's fees [Doc. 83]. Plaintiff filed a reply [Doc. 85]. Defendants filed a supplement [Doc. 86]. This matter is now ripe.

**I.     BACKGROUND**

Plaintiff incurred credit card debt owned or serviced by dismissed defendant Capital One Bank (USA), National Association. After Plaintiff defaulted on this debt, Defendant sent a collection letter to Plaintiff in an attempt to collect the debt and later sued Plaintiff on the debt. Plaintiff filed the instant action against Capital One Bank and Defendant. After multiple rounds of dispositive motion practice, Plaintiff's lawsuit was reduced to a claim that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq*. ("FDCPA").

After Defendant submitted an offer of judgment in the amount of $1,001.00, plus costs and reasonable attorney's fees, Plaintiff sought partial summary judgment on his claim that Defendant violated the FDCPA. Defendant moved to dismiss the action for lack of subject matter jurisdiction, arguing that its unaccepted offer of judgment mooted Plaintiff's case because it satisfied Plaintiff's entire remaining demand. The Court dismissed the action for lack of subject matter jurisdiction, entered judgment for Plaintiff in accordance with the offer of judgment, and referred the matter to the undersigned to determine the amount of reasonable attorney's fees and costs incurred as of the date of the offer of judgment.

In summary, Plaintiff seeks $5,833.25 in attorney's fees, representing 16.85 hours of work at a rate of $325.00 per hour plus costs of $357.60. Defendant argues any fee awarded should be reduced because (1) Plaintiff's complaint "nearly duplicates" several earlier-filed complaints against Defendant by Plaintiff's counsel in other cases, (2) much of the billed work concerned unsuccessful claims under the Truth in Lending Act, 15 U.S.C. §§ 1601, *et seq.* ("TILA"), (3) the rate sought by Plaintiff is $150.00 per hour higher than the rate which this Court found to be "reasonable" for this attorney in another case in 2012, and (4) administrative tasks were billed. Using a reduced billing rate of $175.00 per hour applied to a reduced total of 6.45 hours, Defendant proposes a fee award of $1,128.75.

An award of costs, in the amount of $357.60, is not disputed by the parties.

## II. STANDARDS

The FDCPA provides, in material part, "any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable [for] . . . the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). *See*

2

*also Cotner v. Buffaloe & Assocs., PLC*, 3:11-CV-299, 2012 WL 1670552, at *1 (E.D. Tenn. May 14, 2012) (Jordan J.). A party seeking attorney's fees under a federal fee shifting statute such as the FDCPA bears the burden to show she is entitled to the amount requested. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Reed v. Rhodes*, 179 F.3d 453, 472 (6th Cir. 1999) (citations omitted). The fees requested should be documented, and, where they are not, the district court may reduce the award accordingly. *Reed*, 179 F.3d at 472 (citing *Hensley*, 461 U.S. at 433). The award of attorney's fees is left to the district court's exercise of discretion within the appropriate parameters, which are discussed below. *See Hensley*, 461 U.S. at 437; *Reed*, 179 F.3d at 469 n.2.

Attorney's fees for successful litigants under federal fee shifting statutes are commonly calculated using the "lodestar" method of multiplying the number of hours reasonably expended by a reasonable hourly rate. *Webb v. Board of Educ. of Dyer County, Tenn.*, 471 U.S. 234, 242 (1985); *Hensley*, 461 U.S. at 433; *Adcock-Ladd v. Sec'y of the Treasury*, 227 F.3d 343, 349 (6th Cir. 2000); *Reed*, 179 F.3d at 471. The reasonableness of the hours expended and the attorney's hourly rate must be considered on a case-by-case basis. *Hensley*, 461 U.S. at 429.

Courts may consider several factors to determine the basic lodestar fee and whether to make adjustments to it. *See Hensley*, 461 U.S. at 434 n.9*; Reed*, 179 F.3d at 471. Factors relevant to determination of the lodestar and any adjustments are: "(1) the time and labor required by a given case; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the

3

nature and length of the professional relationship with the client; and (12) awards in similar cases." *Hensley*, 461 U.S. at 430 n.3 (quoting *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)); *Reed*, 179 F.3d at 472 n.3 (citations omitted).

While the lodestar method is the appropriate starting place for determining attorney's fees, the inquiry does not end there. *See id*. at 472. Other considerations may lead the district court to adjust the fee. *See id*. "'[T]he most critical factor' in determining the reasonableness of a fee award is 'the degree of success obtained.'" *Farrar v. Hobby*, 506 U.S. 103, 114 (1992) (citing *Hensley*, 461 U.S. at 436); *see also Cramblit v. Fikse*, 33 F.3d 633, 635 (6th Cir. 1994). Where the purpose of the litigation is to recover damages, then the district court must consider the amount and nature of damages awarded when determining attorney's fees. *Farrar*, 506 U.S. at 115; *see also, Cramblit*, 33 F.3d at 635. Where the plaintiff achieves only partial success against the defendant, the district court must consider whether the plaintiff achieved a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award. *Hensley*, 461 U.S. at 434.

Finally, federal fee shifting statutes do not provide for enhancements of fees in order to compensate for the risk of nonpayment when an attorney takes a case on a contingency basis. *City of Burlington v. Dague*, 505 U.S. 557, 561-63 (1992) (federal fee shifting statutes which authorize a court to award "reasonable attorney's fees" to a "prevailing or substantially prevailing party" do not authorize fee enhancements for the purpose of compensating attorneys hired on a contingency basis for the risk of loss); *see also Davis v. Mutual Life Ins. Co. of New York*, 6 F.3d 367, 381 (6th Cir. 1993) (holding no fee enhancement due to counsel for taking a case which impinges significantly on a small practice's ability to take other cases); *Coulter v. Tennessee*, 805 F.2d 146, 149 n. 4 (6th Cir. 1986) ("In short, the lodestar figure includes most, if not all, of the relevant factors

4

comprising a 'reasonable' attorney's fee, and it is unnecessary to enhance the fee for superior performance in order to serve the statutory purpose of enabling plaintiffs to secure legal assistance." (quoting *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986))).

## III.  ANALYSIS

"A request for attorney's fees should not result in a second major litigation." *Hensley*, 461 U.S. at 437. Although most of the parties' remaining dispute centers on the hours claimed and the rate charged per hour, each of the factors will be addressed in turn below.

### A.  Fee Factors

#### 1.  Time and Labor Required

Plaintiff submits that the time expended in the prosecution of this action is modest due to Plaintiff's counsel's extensive experience in FDCPA cases. Defendant argues the claim for hours of work is excessive because (a) the complaint in this case nearly duplicates four earlier-filed complaints in other cases in this Court, (b) much of the billed work concerned the dismissed TILA claims, and (c) administrative tasks were billed by the attorney. Each of these issues will be addressed in turn below.

##### a.  **Duplication of work used in other cases**, **and phone call charge**

Factors in determining whether the hours expended are reasonable include: the difficulty of the legal issues presented by the case, the skill requisite to perform the legal services properly, and the experience and ability of the attorneys. *See Hensley*, 461 U.S. at 430 n.3. Hours which are "excessive, redundant, or otherwise unnecessary," are not "reasonably expended." *Id*. at 434.

Defendant's main argument is that comparing similar complaints filed in this Court by Plaintiff's counsel reveals the complaint in this action is merely a "copy-and-paste job" requiring

5

no significant research or work. Defendant accuses Plaintiff's counsel of charging for a phone call on August 5, 2013, of which Defendant has no record. Plaintiff in reply indicates the call was made but on another date. I accept that explanation and allow the one-tenth of an hour.

As U.S. Magistrate Judge Lee noted in a recent fee dispute on these same issues, it is not unreasonable for an attorney to expend time conducting research regarding the current state of the law in preparation for the drafting of pleadings in any given cause of action – even in an area of law in which the attorney is well versed and a prolific filer. On the contrary, it is expected that such counsel would use developed forms and not "reinvent the wheel" in each new case. To disallow the meager amount of time spent on reviewing and updating the complaint in this case would lead to the illogical conclusion that Plaintiff's counsel should not receive compensation for ensuring the pleadings presented to the Court are supported by the current state of the law and are based on facts which have evidentiary support. To the contrary, in order to realize efficiencies, an experienced attorney should take advantage of previous work product when the law has been neither superseded nor substantively altered and similar facts are being applied to the law. Such duplicated work product obviously cannot be recycled verbatim; it must be tailored to the specific facts of the individual case. For instance, Plaintiff's attorney would have had to review communications from Defendant to Plaintiff on the credit card debt to determine the similarities or differences between them and communications received by other clients in other actions. Other than the generalization that the complaint was prepared by cutting and pasting previously filed documents, Defendant offers no credible argument or proof that suggests the minimal time claimed for preparing the complaint and supporting documents was excessive.

I **FIND** the amount of time submitted for researching, preparing, and filing the complaint

6

is reasonable.

### b. Work on TILA claims

*Hensley* cautions that courts should not reduce fees simply because some of a prevailing party's related claims are unsuccessful. 461 U.S. at 434-37. Where a plaintiff's claims involve "a common core of facts" or are based on "related legal theories, . . . [m]uch of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis." *Hensley*, 461 U.S. at 435; *see also Dowling v. Litton Loan Servicing LP*, 320 F. App'x 442, 448 (6th Cir. 2009) ("Where, as here, the claims are related, the fact that some claims ultimately fail while others succeed is not reason to reduce the fee award."); *Jordan v. City of Cleveland*, 464 F.3d 584, 603 (6th Cir. 2006) (" . . . when claims 'involve a common core of facts' or are 'based on related legal theories,' the district court's rejection of certain grounds is not a sufficient reason for reducing a fee. There is no precise test for determining whether claims are related." (quoting *Hensley*, 461 U.S. at 437)); *Thurman v. Yellow Freight Sys., Inc.*, 90 F.3d 1160, 1169 (6th Cir. 1996) ("When claims are based on a common core of facts or are based on related legal theories, for the purpose of calculating attorney fees they should not be treated as distinct claims, and the cost of litigating the related claims should not be reduced."). This issue regarding TILA claims was raised in a recent case before Judge Susan Lee (*McGhee v Buffaloe & Associates, PLC et al*, Case No. 2:12-cv-333). The case involved the same counsel. In that case the parties agreed to a modest reduction in hours in the TILA claim. Consistent with the agreement reached in that case, I recommend a reduction of 3 hours to account for any TILA fees not based on a common core of facts.

### c. Administrative time

Defendant argues that some portion of the time spent on administrative tasks in the 11/29/11 and 08/10/12 entries should be stricken. Plaintiff in his Reply agrees to a reduction of .3 hours. I conclude that is a reasonable compromise. As a result, the fee request will be reduced for administrative tasks performed by the attorney by .3 hours.

### 2. Novelty and Difficulty of the Questions Presented

Defendant asserts Plaintiff's claims were not unique or difficult, especially in the context of the five similar cases filed in this Court by Plaintiff's counsel. Plaintiff argues that even if the case were rather straightforward, that would not be a basis for reducing the lodestar award. I conclude this factor is essentially neutral to Plaintiff's request for fees.

### 3. Skill Needed to Perform the Legal Service Properly

Defendant did not address this factor, while Plaintiff's counsel indicated he knows very few attorneys who practice in this area, and he has a great deal of experience in this area of the law. I conclude this factor weighs in favor of Plaintiff's request for fees.

### 4. Preclusion of Attorney's Employment Due to Acceptance of the Case

Plaintiff notes the time spent on this case could not be spent on other cases. Defendant did not address this factor. As the total expenditure of 13.00 hours, which is now reduced even further per the attorneys' agreement on the TILA claims, is basically an insignificant amount of time, I conclude this factor is neutral to Plaintiff's request for fees.

### 5. Customary Fee

"A district court has broad discretion to determine what constitutes a reasonable hourly rate for an attorney." *Wayne v. Village of Sebring*, 36 F.3d 517, 533 (6th Cir. 1994). In determining the

8

appropriate hourly rate to apply, courts must consider the prevailing market rate in the relevant community for the same type of work at issue. *Adcock-Ladd*, 227 F.3d at 350; *Reed*, 179 F.3d at 473. The "'relevant community' for fee purposes [is] the legal community within that court's territorial jurisdiction." *Adcock-Ladd*, 227 F.3d at 350. The "'prevailing market rate' is that rate which lawyers of comparable skill and experience can reasonably expect to command within" the relevant community. *Id*. That rate may not, however, exceed the amount necessary to cause competent legal counsel to perform the work required. *Coulter v. Tennessee*, 805 F.2d 146, 148-49 (6th Cir. 1986); *see also Adcock-Ladd*, 227 F.3d at 349 ("'The primary concern in an attorney fee case is that the fee awarded be reasonable,' that is, one that is adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." (quoting *Reed*, 179 F.3d at 471)). "Such fees are different from the prices charged well-to-do clients by the most noted lawyers and renowned law firms in a region. Under these statutes a renowned lawyer who customarily receives $250 an hour in a field in which competent and experienced lawyers in the region normally receive $85 an hour should be compensated at the lower rate." *Coulter*, 804 F.2d at 149, *quoted in Reed*, 179 F. 3d at 472, *and Hudson*, 130 F.3d at 1208.

Plaintiff's counsel asserts he is seeking the customary fee, which is his normal hourly rate charge of $325.00 per hour for consumer law contingent fee matters. Plaintiff submitted declarations and a survey supporting an hourly rate of $325 per hour as reasonable for such cases in the locality [Docs. 82-3, 82-5, and 82-6]. Plaintiff's counsel also notes in 2010 he received his highest hourly rate fee for a FDCPA case in this Court, $250.00 per hour, in *Wells v. North Star Capital, Acquisition, LLC, et al*, No. 2:09-CV-130, slip op. at 3-4 (E.D. Tenn. Nov. 16, 2010) (Inman, J.) (Doc. 82-1, p.3). However, as argued by Defendant, in May 2012, this Court concluded

9

that an hourly rate ranging from $175.00 to $225.00 is appropriate for FDCPA work, and specifically that an hourly rate of $175.00 was an appropriate rate for Plaintiff's attorney in *Cotner*, 2012 WL 1670552, at *6. And, while it is undisputed that the litigation of FDCPA cases involves specialized knowledge and experience, this Court recently determined "$300.00 is the highest hourly rate that can be found to be reasonable compensation for specialized and complex federal litigation in Knoxville and Chattanooga." *Burnett v. Burnett*, No. 3:13-cv-492, 2014 WL 1340058, at *5 (E.D. Tenn. April 3, 2014) (collecting and citing numerous cases addressing reasonable rates).

Importantly, the Court sitting in the Greeneville Division, which is the market at issue, very recently addressed the same arguments raised by the parties, noting it had significant knowledge of local billing practices in market. *Eidson v. Massa*, No. 2:13-cv-337-JRG-HBG, slip op. at 10-12 (E.D. Tenn. April 14, 2014) (Greer, J.). Based on that knowledge and the evidence of record, and considering all relevant factors, the Court found an hourly rate of $250 was reasonable for Plaintiff's counsel in this type of case. *Id.* I agree with the *Eidson* opinion. The hourly rate of $250.00 was also recommended by Judge Lee and adopted by Judge Collier on June 24, 2014, in a case very similar to this case, involving the same counsel for similarly situated plaintiffs. *See McGee v Buffaloe & Associates,* 2:12-cv-333, Doc. 99 and Doc. 100.

Accordingly, a reasonable rate for Plaintiff's counsel in this case is $250.00 per hour.

### 6. Whether the Fee Is Fixed or Contingent

Defendant did not address this factor. Plaintiff noted that in this FDCPA case, and in all FDCPA cases, the fee is contingent. I conclude this factor is neutral to Plaintiff's request for fees.

### 7. Time Limitations Imposed by the Client or the Circumstances

Plaintiff noted no constraints other than reasonableness, and Defendant did not address this

10

factor. I conclude this factor is neutral to Plaintiff's request for fees.

### 8. Amount Involved and the Results Obtained

Plaintiff argues the present case was a complete victory and an excellent result as he received the maximum allowable statutory award. I conclude this factor weighs in favor of Plaintiff's request for fees.

### 9. Experience, Reputation, and Ability of the Attorneys

Plaintiff's counsel submitted proof he has over 22 years of "extensive experience in various consumer areas of state and federal law," representing individuals in FDCPA cases, as well as many other consumer related matters. Defendant did not address this factor. I conclude this factor weighs in favor of Plaintiff's request for fees.

### 10. "Undesirability" of the Case

Plaintiff argues FDCPA cases are often labor intensive and not attractive cases to most attorneys. Defendant disputes this argument. I conclude this factor is neutral to Plaintiff's request for fees.

### 11. Nature and Length of the Professional Relationship with the Client

Plaintiff noted the typical consumer case does not involve a repeat client situation. Defendant did not address this factor. I conclude this factor is neutral to Plaintiff's request for fees.

### 12. Awards in Similar Cases.

Both parties, and this report, address this factor along with the customary fee/current market rate factor.

### B. Application

Essentially, the award comes down to the consideration of the reasonable hours expended

11

and the reasonable rate for those hours. For the reasons set forth herein, Plaintiff's attorney's fees shall be calculated at the rate of $250.00 per hour for 13.55 hours (16.85 - 3.30 = 13.55) for a total attorney's fee award of $3,387.50. It is undisputed costs in the amount of $357.60 should be awarded for a total award of $3,745.10.

## IV.　CONCLUSION

Based on the foregoing findings and conclusions, I **RECOMMEND**[1] that Plaintiff be awarded reasonable attorney's fees and costs incurred as of the date of the offer of judgment as follows:

1.　Attorney's fees in the amount of **$3,387.50**; and

2.　Costs in the amount of **$357.60, for a total award of $3,745.10.**

*s/William B. Mitchell Carter*
UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this report and recommendation must be served and filed within 14 days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).